Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4556 | **DATE** | April 17, 2002 |
| **CASE TITLE** | Divane, et al. v. American Lighting | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION. The parties may now prepare an appropriate judgment order setting forth the amounts owed. The court will also award plaintiffs their reasonable attorneys' fees and reserve a determination of the amount until the parties have had recourse to our Local Rule 54.3. Should it become necessary for plaintiff to file a fee motion, it should be filed no later than May 31, 2002. The judgment order (reserving the question of fees) should be submitted by May 1, 2002.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices MAILED by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 22 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to | | 4/17/02 | |
| | | | date mailed notice | |
| | KAM | courtroom deputy's initials | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

00-4556.001                                           April 17, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM T. DIVANE, JR. as the ELECTRICAL INSURANCE TRUSTEES      Plaintiffs,  v.  AMERICAN LIGHTING SYSTEMS, INC.,      Defendant. | No. 00 C 4556 |

**MEMORANDUM OPINION**

The court tried this case several months ago and took under advisement the difficult question of what to do about the fact that the defendant retained no records of the time worked by its employees for the periods in question.[1] Edward Kerfin, who was president of the defendant, testified that the time records must have been thrown away, and this was because the defendant had what it considered sufficient affidavits signed by its employees. The affidavits state that the employees were paid in full; they do not state the number of hours or weeks the employees worked.

In addition, the defendant's witnesses testified that all wages were paid by checks written on the business checking account. Checks were issued each week for work done the previous week. No

---

[1] The two rounds of post-trial briefs filed by the parties have been very helpful.

wages were paid in any other way, and therefore, in defendant's view, the check register and cancelled checks are a satisfactory record of the time worked by its employees.

The relevant statute, 29 U.S.C. § 1059(a)(1) requires the employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." Failure to maintain adequate records shifts to the employer the burden of proving the amount of covered work performed and the contributions owed. <u>Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc.</u>, 30 F.3d 692, 695-96 (6th Cir. 1994). The parties do not disagree that in this case the burden has shifted to the defendant. What they disagree about is whether the defendant has met its burden.

We agree with the plaintiffs that the evidence offered by the defendant is insufficient to show what contributions were owing for which employees during the periods in question. Defendant's witnesses may well be telling the truth when they say that the checkbook reflects every week in which any employee worked in covered employment. This would be true if in fact no work was done that was not paid for with a check and no other form of payment was used.[2] The problem is that the significance of the checkbook

---

[2] Defendant points out that, under the applicable benefit plan, contributions were due for each week worked, regardless of how many hours the employee worked in the week. Therefore, if an employee received a check, that means the employee worked the previous week, and the contribution would be the same regardless of the number of hours worked. In the defendant's view, therefore, the absence of any record showing the number of hours worked is of no

depends entirely upon the credibility of the defendant's witnesses. Of itself, the checkbook proves nothing and cannot be regarded as a "sufficient" record of the benefits due. The testimony of defendant's witnesses is an inadequate substitute for the records the statute requires. While there is no evidence that defendant paid employees in cash, or with checks drawn on a different account, or that there are unpaid wages still owing, these possibilities exist. The point of the statute is that the employer should do its best to maintain accurate records that will show all covered work. There is no provision for reliance on oral assurances. Here, the defendant threw away the time records that would ordinarily be the best evidence of the time worked. It is difficult to understand this, especially in light of the fact that the defendant had previously been sued for unpaid contributions. The time periods covered in this case are subsequent to those involved in that earlier suit.

The affidavits provided by some of defendant's employees have been accepted by plaintiffs, since the employee "will be bound by his affidavit and will not be able to claim later that he worked additional hours and is entitled to additional pension credits." Plaintiffs' Reply at 3. Plaintiffs point out, however, that "if an employee has not submitted an affidavit, nothing will prevent that individual from claiming credit for work he performed which

---

consequence. This seems to follow.

American Lighting failed to report." Id. We agree with the plaintiffs that they should not be placed in that position and that the defendant must assume responsibility for the uncertainty it has created by its failure to maintain adequate records.

The approach taken by plaintiffs' accountant, Timothy Beelan, was to assume that any employee who worked any day during a period in question worked 40 hours during each week of that period. Plaintiffs cite a number of cases to support this approach, e.g., Michigan Laborers' Health Care, 30 F.3d at 696-97.

In most of the cited cases, the employer's records showed the time worked but failed to indicate whether the work was covered by the plan. The cases approved an assumption that all work shown by the records was covered. In the present case, we have a more extreme situation. The records are insufficient to show what time was worked, covered or not. But we think the same approach is appropriate. Defendant created the problem, and, while there is no perfect solution, we think that Mr. Beelan's assumption is preferable to simply accepting the defendant's testimony that the checkbook amounts to an accurate record. The closest case cited by the parties is Sheet Metal Works International Ass'n., Local No. 33 v. Tate, 65 Ohio Misc.2d 48, 640 N.E.2d 1219 (1993). The employer's time records indicated the number of hours worked by the employees but failed to distinguish between covered and any non-covered work. The court applied the presumption that all recorded

hours were in covered employment. As to the two partners who owned the business, however, there were no time records at all. The court held that plaintiff was entitled to recover contributions "for 40 hours weekly" for each of the two partners. 640 N.E.2d at 1226.

We agree with plaintiffs that the most appropriate solution in this case is to hold the defendant liable for contributions based upon the assumption that any employee who worked one day during a period worked 40 hours in every week of the period. In other words, we adopt Mr. Beelan's approach to the problem.

The parties may now prepare an appropriate judgment order setting forth the amounts owed. The court will also award plaintiffs their reasonable attorneys' fees and reserve a determination of the amount until the parties have had recourse to our Local Rule 54.3. Should it become necessary for plaintiff to file a fee motion, it should be filed no later than May 31, 2002.

The judgment order (reserving the question of fees) should be submitted by May 1, 2002.

---

[3] The Local Rule requires the parties to attempt a resolution of the fee question before any motion is filed.

Date:     April 17, 2002

ENTER:    _____
          John F. Grady, United States District Judge

# United States Court of Appeals
For the Seventh Circuit
219 S. Dearborn
Chicago, Illinois 60604

4/9/02

Re: Appeal No. 02-1698
District Court No. 01-2936

Dear District Court: *Appen*

Enclosed please find a motion for leave to proceed on appeal in forma pauperis which was mistakenly sent to this court for filing. The motion for in forma pauperis should have first been reviewed by the district court. If you have already ruled on the motion, please send a copy of your order. Thank you for your assistance in this matter.

Sincerely,


U.S. Court of Appeals

MARCH 15, 2002

HEZEKIAH WHITFIELD #B-14293
P.O. BOX 900
SUMNER, ILLINOIS 62466

TO THE HONORABLE JUDGES OF THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604


RE: HEZEKIAH WHITFIELD V. WILLIAM E. BOYD, CASE NO. 02-1698

MAY IT PLEASE THE COURT

THE UNDERSIGNED HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT THE
FOLLOWING FACTS ARE TRUE:

1) I AM THE PETITIONER IN THE ABOVE NAMED MATTER AND DESIRE THE
   ASSISTANCE OF COUNSEL IN THESE PROCEEDINGS.

2) I REPRESENT TO THE COURT THAT THE ISSUES RAISED IN THE HABEAS
   CORPUS PETITION HAVE NOT PREVIOUSLY BEEN REPRESENTED TO THIS
   COURT, AND THAT I BELIEVE THESE ISSUES ARE MERITORIOUS.

3) I REPRESENT TO THE COURT THAT I AM WITHOUT MONEY OR MEANS
   WITH WHICH TO EMPLOY AN ATTORNEY AND SO I AM UNABLE, FINANCIALLY
   , TO RETAIN COUNSEL FOR MYSELF, THEREFORE, I PRAY THE COURT
   TO PROVIDE COUNSEL ON MY BEHALF.


                                          RESPECTFULLY SUBMITTED,

                                          /S/ Hezekiah Whitfield

U.S.C.A.—7th Circuit
RECEIVED

APR 8 2002 TP

GINO J. AGNELLO
    CLERK

NO. 02-1698

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| HEZEKIAH WHITFIELD, | ) | Appeal from the United |
| | ) | States District Court for |
| Petitioner-Appellant | ) | the Northern District of |
| | ) | Illinois, Eastern Division |
| VS. | ) | |
| | ) | No. 01 C 2936 |
| WILLIAM E. BOYD | ) | |
| | ) | The Honorable |
| Respondant-Appellee | ) | Marvin Aspen, |
| | ) | Judge Presiding |

### APPLICATION TO PROCEED

### WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

I, Hezekiah Whitfield, declare that I am the Petitioner in the above entitled proceeding; that in support of my request to proceed without prepayment of fees and costs under 28 U.S.C. 1915, I declare that I am unable to pay the cost of these proceedings and that I am entitled to the relief sought in the petition.

/S/ *Hezekiah Whitfield*
Hezekiah Whitfield B-14293

NO. 02-1693

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| HEZEKIAH WHITFIELD, | ) | Appeal from the United |
| | ) | States District Court for |
| Petitioner-Appellant | ) | the Northern District of |
| | ) | Illinois, Eastern Division |
| VS. | ) | |
| | ) | No. 01 C 2936 |
| WILLIAM E. BOYD | ) | |
| | ) | The Honorable |
| Respondant-Appellee | ) | Marvin Aspen, |
| | ) | Judge Presiding |

## PETITION AND AFFIDAVIT FOR LEAVE TO PROCEED

## WITHOUT PREPAYMENT OF FEES AND COSTS

I, Hezekiah Whitfield, Petitioner, move This Court for leave to proceed without prepayment of fees and costs in the above action. I declare under penalty of perjury that the facts are true:

1. I am the party initiating this action and I believe that I am entitled to redress.

2. I am unable to prepay the fees and costs of this proceeding, or to give security, because of poverty.

3. I am single.

4. I am not presently employed in any capacity including a paying position while incarserated as an inmate.

5. My last date of employment while encarcerated was January 16, 2002.

6. I have no money in a private checking or savings account.

7. I have no current debts or obligations

8. I have no dependants.

I declare under penalty of perjuty and fine that the foregoing is true and correct and that I have a continuing duty to advise the Court of any change in my finencial position as stated above.

/S/ *Hezekiah Whitfield*

Date March 15, 2003

## CERTIFICATE

( TO BE COMPLETED FOR PRISONERS ONLY. THIS IS A STATEMENT BY THE PRISON AND NOT THE PRISONER)

I hereby certify that the plaintiff or petitioner in this action has the sum of $ _21.38_ in his trust account at the correctional center where he is confined. I further certify that the plaintiff or petitioner has the following securities to his credit according to the records of this institution:

_No Securities_

_Tonya Slaber_
(Authorized Officer)
_Lawrence Correctional Center_
(Institution)
_Trust Fund Officer_
(Title)
_3-14-02_
(Date)

IMPORTANT:
THIS CERTIFICATE MUST BE ACCOMPANIED BE A COPY OF A SIX MONTH LEDGER OF THE PLAINTIFF'S TRUST FUND ACCOUNT.

Date: 3/14/2002
Time: 2:21pm
d_list_inmate_trans_statement_composite

# Western IL Correctional Center
## Inmate Trust Fund
Inmate Transaction Statement

Page 3

REPORT CRITERIA - Date: Start thru End;   Inmate: B14293;   Active Status Only ? : No;   Print Restrictions ? : Yes;   Transaction Type: All Transaction Types;   Print Furloughs / Restitutions ? : Yes;   Include Inmate Totals ? : Yes;   Print Balance Errors Only ? : No

### Inmate: B14293 Whitfield, Hazekiah         Housing Unit: WIL-R -01-61

| Date | Source | User | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| 08/28/2001 | Point of Sale | 22 | 60 Commissary | 240722 | 281235 | Commissary | -10.60 | 10.07 |
| 08/29/2001 | Mail Room | 15 | 01 Money Order, Cert or C | 241215 | 7289142644 | Whitfield, Anna | 50.00 | 60.07 |
| 08/29/2001 | Disbursements | 33 | 81 Legal Postage | 241333 | Chk #56591 | 106089 - Dept. Of Corrections | -2.29 | 57.78 |
| 09/05/2001 | Disbursements | 33 | 84 Library | 248333 | Chk #56637 | 106202 - Dept Of Corrections-L | -1.00 | 56.78 |
| 09/05/2001 | Point of Sale | 2 | 60 Commissary | 248702 | 282018 | Commissary | -18.95 | 37.83 |
| 09/14/2001 | Payroll | 33 | 20 Payroll Adjustment | 257133 | | P/R month of 08/2001 | 11.30 | 49.13 |
| 09/19/2001 | Point of Sale | 20 | 60 Commissary | 262720 | 283914 | Commissary | -25.56 | 23.57 |
| 10/04/2001 | Point of Sale | 2 | 60 Commissary | 277702 | 285959 | Commissary | -21.25 | 2.32 |
| 10/11/2001 | Point of Sale | 22 | 60 Commissary | 284722 | 286578 | Commissary | -2.27 | .05 |
| 10/12/2001 | Payroll | 33 | 20 Payroll Adjustment | 285133 | | P/R month of 09/2001 | 10.00 | 10.05 |
| 10/16/2001 | Mail Room | 15 | 01 Money Order, Cert or C | 289215 | 7446500521 | Whitfield, Anna | 50.00 | 60.05 |
| 10/17/2001 | Point of Sale | 19 | 60 Commissary | 290719 | 287637 | Commissary | -23.04 | 37.01 |
| 10/24/2001 | Mail Room | 15 | 01 Money Order, Cert or C | 297215 | 488361402 | Malon, Jeremy | 40.00 | 77.01 |
| 10/25/2001 | Point of Sale | 2 | 60 Commissary | 298702 | 289104 | Commissary | -22.25 | 54.76 |
| 11/01/2001 | Disbursements | 33 | 84 Library | 305333 | Chk #57446 | 107087 - Dept Of Corrections-L | -1.00 | 53.76 |
| 11/01/2001 | Disbursements | 33 | 80 Postage | 305333 | Chk #57447 | 107050 - Dept. Of Corrections | -.80 | 52.96 |
| 11/01/2001 | AP Invoice Correction | 33 | 80 Postage | 305533 | Chk #57447 Voided | 107050 - Dept. Of Corrections | .80 | 53.76 |
| 11/01/2001 | Disbursements | 33 | 80 Postage | 305333 | Chk #57448 | 107050 - Dept. Of Corrections | -.80 | 52.96 |
| 11/01/2001 | Point of Sale | 20 | 60 Commissary | 305720 | 289807 | Commissary | -27.02 | 25.94 |
| 11/09/2001 | Payroll | 6 | 20 Payroll Adjustment | 313106 | | P/R month of 10/2001 | 10.00 | 35.94 |
| 11/15/2001 | Disbursements | 33 | 81 Legal Postage | 319333 | Chk #57568 | 107292 - Dept. Of Corrections | -3.67 | 32.27 |
| 11/15/2001 | Disbursements | 33 | 99 Transfer Inmate | 319333 | Chk #57655 | Lawrence Correctional Center | -32.27 | .00 |
| 12/14/2001 | Payroll | 33 | 20 Payroll Adjustment | 348133 | | P/R month of 11/2001 | 4.42 | 4.42 |
| 12/18/2001 | Disbursements | 33 | 99 Transfer Inmate | 352333 | Chk #58091 | Lawrence Correctional Center | -4.42 | .00 |

|  |  |
|---:|---:|
| **Total Inmate Funds:** | .00 |
| **Less Funds Held For Orders:** | .00 |
| **Less Funds Restricted:** | .00 |
| **Funds Available:** | .00 |
| **Total Furloughs:** | .00 |
| **Total Voluntary Restitutions:** | .00 |

Date: 3/14/2002
Time: 12:18pm
d_list_inmate_trans_statement_composite

Lawrence Correctional Center
Inmate Trust Fund
Inmate Transaction Statement

Page

REPORT CRITERIA - Date: Start thru End;   Inmate: B14293;   Active Status Only ? : No;   Print Restrictions ? : Yes;   Transaction Type: All Transaction Types;   Print Furloughs / Restitutions ? : Yes;   Include Inmate Totals ? : Yes;   Print Balance Errors Only ? : No

**Inmate: B14293 Whitfield, Hezekiah**  **Housing Unit: LAW-R3-AU-08**

| Date | Source | User | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Beginning Balance: | | 0.00 |
| 11/20/2001 | Mail Room | 19 | 04 Intake and Transfers fr | 324219 | 57655 | Western Illinois C.C. | 32.27 | 32.27 |
| 11/20/2001 | Point of Sale | 13 | 60 Commissary | 324713 | 278 | Commissary | -31.64 | .63 |
| 11/30/2001 | Disbursements | 15 | 81 Legal Postage | 334315 | Chk #1008 | 020007 - DOC: Postage | -.57 | .06 |
| 12/14/2001 | Payroll | 15 | 20 Payroll Adjustment | 348115 | | P/R month of 11/2001 | 13.82 | 13.88 |
| 12/18/2001 | Point of Sale | 25 | 60 Commissary | 352725 | 1218 | Commissary | -7.45 | 6.43 |
| 12/26/2001 | Mail Room | 19 | 04 Intake and Transfers fr | 360219 | 58091 | Western Illinois C.C. | 4.42 | 10.85 |
| 12/27/2001 | Mail Room | 20 | 01 Money Order, Cert or C | 361220 | 594555 | Whitfield, Anna | 25.00 | 35.85 |
| 12/31/2001 | Disbursements | 15 | 84 Library | 365315 | Chk #1076 | 020012 - DOC: Library Copies | -.60 | 35.25 |
| 12/31/2001 | Disbursements | 15 | 84 Library | 365315 | Chk #1076 | 020049 - DOC: Library Copies | -2.30 | 32.95 |
| 12/31/2001 | Disbursements | 15 | 84 Library | 365315 | Chk #1076 | 020146 - DOC: Library Copies | -1.00 | 31.95 |
| 12/31/2001 | Disbursements | 15 | 81 Legal Postage | 365315 | Chk #1077 | 020043 - DOC: Postage | -.80 | 31.15 |
| 12/31/2001 | Disbursements | 15 | 81 Legal Postage | 365315 | Chk #1077 | 020128 - DOC: Postage | -3.67 | 27.48 |
| 12/31/2001 | Disbursements | 15 | 90 Medical Co-Pay | 365315 | Chk #1080 | 020088 - Doc: Medical Co-Pay | -2.00 | 25.48 |
| 01/03/2002 | Point of Sale | 13 | 60 Commissary | 003713 | 2080 | Commissary | -22.41 | 3.07 |
| 01/11/2002 | Payroll | 15 | 20 Payroll Adjustment | 011115 | | P/R month of 12/2001 | 30.00 | 33.07 |
| 01/14/2002 | Point of Sale | 14 | 60 Commissary | 014714 | 2822 | Commissary | -4.88 | 28.19 |
| 01/30/2002 | Mail Room | 21 | 01 Money Order, Cert or C | 030221 | 74465685030 | Whitfield, Anna | 20.00 | 48.19 |
| 01/31/2002 | Disbursements | 15 | 84 Library | 031315 | Chk #1254 | 020194 - DOC: Library Copies | -3.40 | 44.79 |
| 02/13/2002 | Disbursements | 15 | 81 Legal Postage | 044315 | Chk #1316 | 020418 - DOC: Postage | -.57 | 44.22 |
| 02/13/2002 | Disbursements | 15 | 81 Legal Postage | 044315 | Chk #1316 | 020418 - DOC: Postage | -.80 | 43.42 |
| 02/13/2002 | Disbursements | 15 | 81 Legal Postage | 044315 | Chk #1316 | 020418 - DOC: Postage | -1.26 | 42.16 |
| 02/13/2002 | Disbursements | 15 | 80 Postage | 044315 | Chk #1316 | 020399 - DOC: Postage | -.23 | 41.93 |
| 02/15/2002 | Payroll | 15 | 20 Payroll Adjustment | 046115 | | P/R month of 01/2002 | 14.30 | 56.23 |
| 02/20/2002 | Point of Sale | 14 | 60 Commissary | 051714 | 4671 | Commissary | -33.25 | 22.98 |
| 02/25/2002 | Point of Sale | 13 | 60 Commissary | 056713 | 5195 | Commissary | -19.04 | 3.94 |
| 02/28/2002 | Disbursements | 15 | 84 Library | 059315 | Chk #1409 | 020419 - DOC: Library Copies | -.27 | 3.67 |
| 02/28/2002 | Disbursements | 15 | 84 Library | 059315 | Chk #1409 | 020401 - DOC: Library Copies | -2.20 | 1.47 |
| 02/28/2002 | Disbursements | 15 | 84 Library | 059315 | Chk #1409 | 020401 - DOC: Library Copies | -.80 | .67 |
| 02/28/2002 | Disbursements | 15 | 84 Library | 059315 | Chk #1409 | 020484 - DOC: Library Copies | -.50 | .17 |
| 02/28/2002 | Mail Room | 20 | 01 Money Order, Cert or C | 059220 | 131970 | Baikie, Gail | 50.00 | 50.17 |
| 03/05/2002 | Point of Sale | 14 | 60 Commissary | 064714 | 5686 | Commissary | -19.82 | 30.35 |
| 03/06/2002 | Mail Room | 21 | 01 Money Order, Cert or C | 065221 | 145351 | Males, J. | 20.00 | 50.35 |
| 03/12/2002 | Point of Sale | 25 | 60 Commissary | 071725 | 6207 | Commissary | -25.44 | 24.91 |
| 03/13/2002 | Disbursements | 15 | 80 Postage | 072315 | Chk #1516 | 020715 - DOC: Postage | -.23 | 24.68 |

|  |  |
|---:|---:|
| **Total Inmate Funds:** | 24.68 |
| **Less Funds Held For Orders:** | .00 |
| **Less Funds Restricted:** | 3.30 |
| **\*Funds Available:** | 21.38 |
| **Total Furloughs:** | .00 |

Date: 3/14/2002
Time: 12:18pm
d_list_inmate_trans_statement_composite

Lawrence Correctional Center
**Inmate Trust Fund**
Inmate Transaction Statement

Page 2

REPORT CRITERIA - Date: Start thru End;   Inmate: B14293;   Active Status Only ? : No;   Print Restrictions ? : Yes;   Transaction Type: All Transaction Types;   Print Furloughs / Restitutions ? : Yes;   Include Inmate Totals ? : Yes;   Print Balance Errors Only ? : No

### Inmate: B14293 Whitfield, Hezekiah

### Housing Unit: LAW-R3-AU-08

| | |
|---|---:|
| **Total Inmate Funds:** | 24.68 |
| **Less Funds Held For Orders:** | .00 |
| **Less Funds Restricted:** | 3.30 |
| **Funds Available:** | 21.38 |
| **Total Voluntary Restitutions:** | .00 |

**RESTRICTIONS**

| Invoice Date | Invoice Number | Type | Description | Vendor | | Amount |
|---|---|---|---|---|---|---|
| 03/05/2002 | 020635 | Disb | B14293 Library | 2 | DOC: Library Copie | $2.55 |
| 03/13/2002 | 020750 | Disb | B14293 Library | 2 | DOC: Library Copie | $0.75 |
| | | | | | **Total Restrictions:** | **$3.30** |